*705 KENNARD, J., Concurring.
This case is before us the second time. To explain why I am writing separately, some background information may be helpful.
In the earlier decision, People v. Wyatt (2010) 48 Cal.4th 776 [108 Cal.Rptr.3d 259, 229 P.3d 156] (Wyatt I), the issue involved the sufficiency of the evidence supporting defendant’s conviction for assault on a child resulting in death (hereafter also referred to as child abuse homicide), a crime set forth in Penal Code section 273ab. That statute states: “Any person, having the care or custody of a child who is under eight years of age, who assaults the child by means of force that to a reasonable person would be likely to produce great bodily injury, resulting in the child’s death, shall be punished by imprisonment ... for 25 years to life.” (Id., subd. (a), italics added.) In concluding that, contrary to the Court of Appeal’s decision, the evidence against defendant met Penal Code section 273ab’s requirements, Wyatt I relied on the definition of assault that a majority of this court had adopted in People v. Williams (2001) 26 Cal.4th 779 [111 Cal.Rptr.2d 114, 29 P.3d 197] (Williams). (Wyatt I, supra, at pp. 780-781.)
Williams described the mental state for assault as requiring only that the defendant have “actual knowledge of the facts sufficient to establish that the defendant’s act by its nature will probably and directly result in injury to another” (Williams, supra, 26 Cal.4th at p. 782), and as not requiring “a specific intent to cause injury” (id. at p. 790). I dissented, expressing the view that assault is a specific intent crime that requires proof of an intent to injure another. (Id. at p. 791 (dis. opn. of Kennard, J.); see People v. Colantuono (1994) 7 Cal.4th 206, 225-228 [26 Cal.Rptr.2d 908, 865 P.2d 704] (conc. & dis. opn. of Kennard, J.); Wyatt I, supra, 48 Cal.4th at p. 786 (conc. opn. of Kennard, J.).) Because the Williams majority’s view of the requisite mental state for assault carried the force of precedent, I concurred in Wyatt I in upholding defendant’s child abuse homicide conviction and in reversing the Court of Appeal’s judgment. (Wyatt I, supra, at p. 787 (conc. opn. of Kennard, J.).)
In the wake of the remand to the Court of Appeal in Wyatt 1, that court again reversed defendant’s conviction, this time on the ground that the trial court erred in not instructing the jury on its own initiative on simple assault, a lesser offense necessarily included in the crime of assault on a child resulting in death. The trial court’s duty in this regard arises only if a reasonable jury could have concluded that the lesser offense was committed, but not the greater offense. (See maj. opn., ante, at pp. 698, 704.) As it did in Wyatt I, the majority here relies on the Williams definition of simple assault (id. at p. 702), and it then holds that the evidence would not have supported *706 such a conclusion (id. at p. 704). Because, as I observed earlier, the Williams majority’s definition of assault is now the law, I concur in today’s majority opinion.
Appellant’s petition for a rehearing was denied December 12, 2012.